IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | * |
| DIANA IVELISSE LAGARES SANTANA | * CASE NO. 18-07127 ESL |
| Debtor(s) | * CHAPTER 13 |
| ----------------------------------- | |
| EMI EQUITY MORTGAGE, INC. | * INDEX |
| Movant | * |
| DIANA IVELISSE LAGARES SANTANA, ALEJANDRO OLIVERAS RIVERA, CHAPTER 13 TRUSTEE TRUSTEE | * |
| | * |
| Respondent (s) | * |

**DEBTOR'S RESPONSE TO *MOTION REQUESTING THAT STAY BE LIFTED*
DOCKET NO. 16**

TO THE HONORABLE COURT:

**NOW COMES, DIANA IVELISSE LAGARES SANTANA**, the Debtor, through

the undersigned attorney, and very respectfully states and prays as follows:

1. On January 30, 2019, EMI EQUITY MORTGAGE, INC. ("EMI") filed a motion

entitled *Motion Requesting That Stay Be Lifted* (Docket No. 16) in the present bankruptcy

case, basically alleging that on October 18, 2018 (pre-petition) EMI foreclosed the Debtor's

residential real property ("the Property") and that since the present Chapter 13 case was

filed on December 06, 2018, the Property is not property of the estate.

2. The Debtor respectfully states and alleges that as of the date of the filing of the

present bankruptcy petition, the Debtor still had a property interest in the Property, thus,

the automatic stay applies in the present case.

3. Since the Property is the Debtor's homestead and residential real property, the

Page – 2 –
Debtor's Response to §362 Motion
Case no. 18-07127 ESL13

Debtor may provide for the curing of the pre-petition arrears owed to EMI through a

Chapter 13 Plan and continue making direct mortgage loan payments to EMI under the

terms of the Debtor's proposed Chapter 13 Plan (Docket No. 15), in the present case.

### I. Undisputed facts:

4. The following are undisputed facts in the present case:

a. on August 31, 2018, the First Instance Court of Puerto Rico, Caguas

Superior Court ("the State Court"), issued a *Judgment* in a civil foreclosure

case entitled *E.M.I. Equity Mortgage, Inc. v. Diana Ivelisse Lagares

Santana*, Civil Case No. E CD2017-0786 (802) Collection of Monies and

Foreclosure;

b. on October 18, 2018, a public auction of the Property took place and the

Property was adjudicated to EMI, for the sum of $127,922.00;

c. on that same date, October 18, 2018, EMI filed a motion at the State Court

entitled in the Spanish language *"Mocion en Solicitud de Confirmacion de

Venta y Adjudicacion y Solicitando Que La Order Sea Expedida Certificada*,

whereby EMI requested the State Court to order the confirmation of the

aforestated auction process;

d. on that same date, October 18, 2018, the State Court issued an *Order*

whereby the Court **denied** EMI's motion requesting confirmation of the

foreclosure/auction process;

e. on December 6, 2018, the Debtor filed the present Chapter 13 bankruptcy

Page – 3 –
Debtor's Response to §362 Motion
Case no. 18-07127 ESL13

case, listing EMI as a secured creditor, and on that same date, the Bankruptcy

Court for the District of Puerto Rico issued an *Order* of automatic stay Order

under 11 U.S.C. Section 362(a);

f. on December 20, 2018, the State Court issued an Order confirming the

foreclosure auction process and judicial sales of the Property entitled in the

Spanish language *"Orden de Confirmación de Adjudicación o Venta*

*Judicial"*;

g. that the aforestated Order of confirmation of 12/20/2018, provides, in

pertinent part, as follows:

> "Based on the above stated, the mortgage foreclosure process, including the sales and subsequent adjudication of the mortgage property executed on October 18, 2018, is hereby confirmed, since all the formalities required in the judicial process have been met.
>
> The Court Orders the Marshall to execute a Public Deed for the property transfer, before a Notary that the seller designates...". *"Orden de Confirmación de Adjudicación o Venta Judicial"*, dated December 20, 2018, at page 2. (**Our Translation**).

## II. Legal Issue before the Bankruptcy Court

5. Based on the aforestated undisputed facts, the issue before the Bankruptcy Court

for the District of Puerto Rico is whether or not the Debtor, as of the dated of the filing of

the present bankruptcy petition, had a property interest in the Property, for the Property to

become property of the estate and protected by the automatic stay order, in the present

case.

Page – 4 –
Debtor's Response to §362 Motion
Case no. 18-07127 ESL13

### III. Argument

#### A. The Debtor's property interest in the Property was still alive as of the date of the filing of the present bankruptcy case, thus, the Property is property of the estate.

6. Article 107 of the Mortgage Law of Puerto Rico ("*Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*", Law 210-2015, as amended), provides the procedure whereby a foreclosure/public auction and adjudication is confirmed by the State Court.

7. Article 107 provides that should the State Court deny the confirmation of the adjudication/sales of the auctioned property, the same (the judicial sales) will be set aside and will have no judicial value.

8. That it is undisputable that the State Court denied EMI's request for confirmation of the transfer/judicial sales of the Property (10/18/2018) and that the Debtor filed the present bankruptcy case (12/06/2018) before the confirmation order was finally entered (12/20/2018) by the State Court.

9. That the Debtor has a "property interest" in the Property under Section 541 of the Bankruptcy Code, 11 U.S.C. Section 541, since as of the date of the filing of the present bankruptcy petition, December 6, 2018, EMI's request for confirmation of the auction process and transfer/judicial sales deed had been denied by the State Court.

10. That since the confirmation of the auction process and transfer/judicial sales deed had been denied by the State Court, the Debtor's interest in the Property was still alive and, thus, the Property became property of the estate as of the date of the filing of the

Page – 5 –
Debtor's Response to §362 Motion
Case no. 18-07127 ESL13

present bankruptcy petition and the Debtor is entitled to a bankruptcy stay to protect the

Property.

### B. The 362 Motion (Docket No. 16) does not state a claim for relief

11. The 362 motion filed by EMI (Docket No. 16) fails to state a claim for relief since

EMI's demand for relief is contradictory to its claim's allegations.

12. The 362 motion filed by EMI (Docket No. 16) provides the following demand for

the relief sought:

> "WHEREFORE, it is respectfully requested that this Motion BE GRANTED,
> and accordingly, that an order be entered Ruling that the property described
> herein **is protected by the stay**....". *Motion Requesting That Stay Be Lifted*
> (Docket No. 16).

**WHEREFORE**, the Debtor respectfully requests from this Honorable Court to

grant the present response and deny EMI's *Motion Requesting That Stay Be Lifted*, Docket

No. 16, in the above captioned Index.

**I CERTIFY** that on this same date a copy of this motion was filed with the Clerk of
the Court using the CM/ECF filing system, which will send notification of same to: the
Chapter 13 Trustee, Alejandro Oliveras Rivera, Esq.; Wallace Vazquez Sanabria, Esq., WVS
Law LLC, 17 Mexico Street Suite D 1 San Juan PR 00917-2202, Counsel for EMI Equity
Mortgage Inc.; I also certify that a copy of this motion was sent via regular mail to the
Debtor/Respondent Diana Ivelisse Lagares Santana, PO Box 5354 Caguas PR 00726.

**RESPECTFULLY SUBMITTED**. In San Juan, Puerto Rico, 11th day of February,
2019.

> */s/Roberto Figueroa Carrasquillo*
> USDC #203614
> RFIGUEROA CARRASQUILLO LAW OFFICE PSC
> ATTORNEY FOR the DEBTOR/RESPONDENT
> PO BOX 186 CAGUAS PR 00726-0186
> TEL NO 787-744-7699 FAX NO 787-746-5294
> Email: rfigueroa@rfclawpr.com