**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 18-07127 (ESL) |
| DIANA I. LAGARES SANTANA<br>Debtor | CHAPTER 13 |
| EMI EQUITY MORTGAGE<br>Movant | INDEX _____ |
| v. | |
| DIANA I. LAGARES SANTANA<br>ALEJANDRO OLIVERA RIVERA<br>Respondent | |

*MOTION REQUESTING SOME DISPOSITION*

**TO THE HONORABLE COURT**:

**COMES NOW** EMI EQUITY MORTGAGE, INC. (EMI), through counsel, and very respectfully STATES and PRAYS:

1. Debtor filed for protection under the provisions of the Bankruptcy Code on December 6, 2018.

2. Debtor occupies and lists, as property of the Estate, the property described in the Spanish language as follows:

    ---"URBANA: Solar marcado con el #167, en el plano de inscripción de la Urbanización Borinquen Valley, en el término municipal de Caguas, Puerto Rico, con un área superficial de 528.26 metros cuadrados. En lindes por el NORTE, en 12.71 metros, con el Solar #158; por el SUR, en 19.11 metros, con el Solar #296; por el ESTE, en 33.55 metros, con el Solar #166 y la Calle Guayo; y por el OESTE, en 33.55 metros, con el área de "Buffer Zone" y el Solar #157.--------------------------------------------

    ---Enclava una residencia construida de hormigón armado de una planta que consta de 3 dormitorios, un baño, sala-comedor y cocina".--------------

3. Appearing party, on January 30, 2019, at Docket #16 filed a Motion to modify the automatic stay with respect to the property located at number 167 Urbanización

*Borinquen Valley, Caguas, Puerto Rico, described above, because the property does not belongs to the Estate.*

4. *It is uncontested that:*

   (a) *On October 18, 2018 the property described above was foreclosed and appearing party was successful in acquiring the mentioned property as appears from Minute of Judicial Sale.*

   (b) *On the same day October 18, 2018 the Deed of Judicial Sale was executed as appears from Deed 387 before Notary Public Jaime E. Dávila Santini. The Deed of Judicial Sale was recorded in the Property Registry on October 23, 2018 as appears from Exhibit A to Memorandum of Law in Compliance with Court´s Order at Docket #25.*

   (c) *In Puerto Rico, the Civil Code at Article 1351 (L.P.R.A. §3811) establishes when the transfer ("tradición") occurs. Specifically, when the sale is done in Public Deed, the transfer ("tradición") occurs when the Deed of Sale is executed.*

   (d) *In this regard see <u>Segarra Sierra</u> v. <u>Vda. de Lloréns Torres, et al</u>, at 99 D.P.R. 60 (1970).*

5. *From the facts before the Court it is uncontroverted that the property at issue did not belong to Debtor at the time of the petition and accordingly, it is not protected by the automatic stay.*

6. *The Court has created the impression that there is a genuine issue of fact or law to be passed upon by failing to act on the matter immediately, during the hearing on February 26, 2019 or shortly after March 28, 2019 when Memorandums of Law where filed by both parties in support on their respective contentions.*

7. *Under the scenario of a Motion Under 362 the Court inaction is causing unreasonable delay, which delay is prejudicial to appearing party because Debtor is occupying the property without paying rent since November of 2018.*

8. Additionally, 11 U.S.C. 362 (e) provides as follows:

   *"(e)(1) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief of such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.*

   ***(2) Notwithstanding paragraph (1), in a case under chapter 7, 11, or 13 in which the debtor is an individual, the stay under subsection (a) shall terminate on the date that is 60 days after a request is made by a party in interest under subsection (d), unless—***

       ***(A) a final decision is rendered by the court during the 60-day period beginning on the date of the request, or***

       ***(B) such 60-day period is extended—***

           ***(i) by agreement of all parties in interest; or***

           ***(ii) by the court for such specific period of time as the court finds is required for good cause, as described in findings made by the court"*. (Emphasis added)**

9. The Court should also clarify why the stay has not terminated in view of the plain language of 362(e)(2).

10. Under 362(e)(2) the automatic stay in the instant matter terminated on March 31, 2019 because a final decision had not been rendered and the period had not been extended either by agreement of the parties or by the court for such specific period of time as the court finds is required for good cause as described in findings made by the court.

11. *Accordingly, we move for an Order forthwith verifying the property described in paragraph 2 above never became part of the Estate as of the filing of the bankruptcy petition because transfer of title occurred on October 23, 2018 under Article 1351 of the Civil Code, supra; or in the alternative, the stay terminated under 11 U.S.C. 362(e)(2).*

***WHEREFORE****, it is respectfully requested that this motion be GRANTED, with such further relief as is deemed appropriate under the circumstances.*

***I CERTIFY****, that on this same date, I electronically filed the foregoing with the Clerk of this Court via CM/ECF system, which will electronically send notification of such filing to all the parties who have requested notice.*

*In San Juan, Puerto Rico, this 23th day of December, 2019.*

***WVS LAW LLC.***
*17 México Street, Suite D-1*
*San Juan, PR 00917-2202*
*Tel: 787-756-5730*
*Fax: 787-764-0340*
*Email: wvslawllc@gmail.com*

***/s/ Wallace Vázquez Sanabria***
*Wallace Vázquez Sanabria-125101*